BEFORE THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEREMY BENNETT** | : C.N. 2:21-cv-5318 |
| Plaintiff | |
| v. | : JUDGE ALGENON MARBLEY |
| **MARY MERTZ**, in her official capacity as executive director of the Ohio Department of Natural Resources, Et Al., | MAGISTRATE KIMBERLY JOLSON : |
| Defendants | ANSWER OF DEFENDANTS MERTZ, : WECKER, and DODGE |

Now come Defendants Mary Mertz, Kendra Wecker, and Christopher Dodge in their official capacities, and hereby Answer Plaintiff's Complaint as follows;

1. Defendants admit that Plaintiff's Complaint alleges a Fourth Amendment challenge, but deny the remaining allegations of Paragraph 1 of the Complaint.

2. Defendants admit that Plaintiff runs a deer processing and taxidermy shop, but deny the remaining allegations of Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraphs 3 and 4 of the Complaint.

4. Paragraphs 5 and 6 of the Complaint contain legal assertions to which no response is required.

5. Defendants admit that at least one defendant resides in Franklin County.  Answering further, Defendants state that Paragraph 7 of the Complaint contains legal assertions to which no response is required and that they deny the allegations relating to Defendants' residency status for want of knowledge.

6. Defendants admit that Plaintiff operates a taxidermy and deer processing shop at the address alleged in Paragraph 8 of the Complaint and deny for want of knowledge the allegation that the shop is a residential address. To the extent any further response is required, Defendants deny the allegations in Paragraph 8 of the Complaint.

7. Paragraphs 9, 10, and 11 of the Complaint contain legal assertions to which no response is required. To the extent any further response is necessary, Defendants admit that Mary Mertz is the Director of the Department of Natural Resources, Kendra Wecker is the Chief of the Division of Wildlife, and Christopher Dodge is a wildlife officer and further state that the Revised Code speaks for itself.

8. Defendants deny the allegations contained in Paragraph 12 of the Complaint for want of knowledge.

9. Defendants admit the allegations contained in Paragraphs 13 and 14 of the Complaint.

10. Defendants deny for want of knowledge the allegations contained in Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

12. Defendants deny for want of knowledge the allegations contained in Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 of Plaintiff's Complaint.

13. Defendants admit that the Division of Wildlife does not require a license for taxidermists or deer processors, but deny the remaining allegations of Paragraph 38 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

15. Defendants state that the Ohio Revised Code and Administrative Code speak for themselves, and deny any remaining allegations contained in Paragraphs 40, 41, 42, 43 and 44 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

17. Defendants state that the Ohio Administrative Code speaks for itself, and deny any remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

18. The allegations in Paragraphs 47, 48, 49, 50, 51, 52, and 53 of Plaintiff's Complaint contain statements of law and/or legal arguments to which no response is required, but to the extent a response is merited Defendants deny the allegations.

19. Defendants admit the allegations contained in Paragraph 54 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

21. The allegations in Paragraphs 56, 57, 58, 59, and 60 of Plaintiff's contain statements of law and/or legal arguments to which no response is required, but to the extent a response is merited Defendants deny the allegations.

22. Defendants admit the allegations contained in Paragraphs 61 and 62 of Plaintiff's Complaint.

23. The allegations in Paragraphs 63, 64, and 65 of Plaintiff's Complaint contain statements of law and/or legal arguments to which no response is required, but to the extent a response is merited Defendants deny the allegations.

24. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint for want of knowledge.

25. Defendants deny the allegations contained in Paragraphs 67, 68, 69, 70, and 71 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint for want of knowledge.

27. Defendants deny the allegations contained in Paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81 and 82 of Plaintiff's Complaint.

28. Defendants admit that Ben Smith was present as an officer in training, but deny the remaining allegations contained in Paragraph 83 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 84, 85, 86, 87, and 88 of Plaintiff's Complaint.

30. Defendants admit that Kirk Kiefer completed a law enforcement supplemental report, and that this Record speaks for itself. Defendants deny the remaining allegations of Paragraph 89 of Plaintiff's Complaint.

31. Defendants admit that the prosecutor approved charges against Plaintiff under OAC 1501:31-15-02(P) and R.C. 1533.67. Defendants deny the remaining allegations of Paragraph 90 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraphs 91, 92, 93, and 94 of Plaintiff's Complaint.

33. Defendants admit the allegations contained in Paragraph 95 of Plaintiff's Complaint.

34. Upon information and belief, Defendants admit that no Ohio Division of Wildlife Officer has ever presented Plaintiff with a warrant to search or inspect his shop. For want of knowledge Defendants deny any remaining allegations of Paragraph 96 of Plaintiff's Complaint.

35. Upon information and belief, Defendants admit that no Ohio Division of Wildlife Officer has ever sought or obtained a warrant to search or inspect Jeremy's shop. For want of

knowledge, Defendants deny any remaining allegations of Paragraph 97 of Plaintiff's Complaint.

36. Upon information and belief, Defendants admit that no Ohio Division of Wildlife Officer ever informed Plaintiff that he had the right to refuse an inspection or to seek the review of a neutral adjudicator before allowing an inspection. Defendants deny any remaining allegations contained in Paragraph 98 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraphs 99, 100, 101 and 102 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraphs 103 and 104 of Plaintiff's Complaint for want of knowledge.

39. Defendants deny the allegations contained in Paragraphs 105, 106, 107, 108, 109, and 110 of Plaintiff's Complaint.

40. Defendants admit the allegations contained in Paragraphs 111 and 112 of Plaintiff's Complaint.

41. The allegations in Paragraphs 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, and 128 of Plaintiff's Complaint contain statements of law and/or legal arguments to which no response is required, but to the extent a response is merited Defendants deny the allegations.

42. Defendants deny any and all other allegations in Plaintiff's Complaint not specifically admitted.

43. Defendants deny that Plaintiff is entitled to any of the relief requested in his Prayer For Relief.

**FIRST AFFIRMATIVE DEFENSE**

44. Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

45. Plaintiff lacks standing to bring this Complaint.

**THIRD AFFIRMATIVE DEFENSE**

46. Plaintiff fails to allege a justiciable controversy.

**FOURTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution/Sovereign Immunity.

**FIFTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims are barred by absolute and/or qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are barred by the doctrine of equitable estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

51. All or some of the causes of action set forth in the Amended Complaint are barred due to the failure of the Plaintiff to comply with Ohio law regarding the bringing of legal action against the State of Ohio and/or employees of the State of Ohio and its agencies, R.C. Chapter 2744, and/or common law.

**NINTH AFFIRMATIVE DEFENSE**

52. The Amended Complaint fails to join necessary parties.

## RESERVATION OF AFFIRMATIVE DEFENSES

53. Defendants reserve the right to supplement their Answer with additional affirmative defenses as litigation in this matter proceeds.

**WHEREFORE,** Defendants pray that this action be dismissed with prejudice and at Plaintiff's cost and that Defendants be granted all other relief to which they are entitled.

**Respectfully Submitted,**

**FOR ALL DEFENDANTS:**

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

/s/ Daniel J. Martin
Daniel J. Martin (0065249) *Trial Counsel*
Pearl Chin (0078810)
Matthew Meyer (0075253)
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street
25th Floor
Columbus, Ohio 43215
(614) 466-2766
Fax (614) 644-1926
Email: Daniel.Martin@OhioAGO.gov
       Pearl.Chin@OhioAGO.gov
       Matthew.Meyer@OhioAGO.gov

Counsel for Defendants Mertz, Wecker & Dodge

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the Answer of Defendants Mertz, Wecker, and Dodge has been served by operation of the Court's ECF electronic filing notification system on this 3rd day of January, 2022 to the following:

Patrick T. Lewis
Baker & Hostetler, LLP
Key Tower
127 Public Square, ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
Fax 216-696-0740
Email: plewis@bakerlaw.com

Joshua Aaron Windham*
Joseph Randall Gay*
Robert Peller Frommer*
*Pro Hac Vice
Institute for Justice
901 North Glebe Rd.
Suite 900
Arlington, VA 22203
(703) 682-9320
Email: Jwindham@ij.org
Jgay@ij.org
Rfrommer@ij.org

Counsel for Plaintiff
Jeremy Bennett

                                                                    */s/Daniel J. Martin*
                                                                    Daniel J. Martin (0065249)